<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES, | : | Crim. No. 02-935 (GEB) |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| SEBASTIAN WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

<u>**BROWN, Chief Judge**</u>

     This matter comes before the Court upon Defendant's motion:  (1) to correct or reduce his sentence pursuant to Federal Rules of Criminal Procedure Rule 35(a); and (2) for a new trial pursuant to Rule 33.  For the reasons set forth below, the Court will deny Defendant's motion.

## I.      BACKGROUND

     On March 24, 2003, Defendant was found guilty by jury trial on a three-count Superseding Indictment.  Counts I and III of the Superseding Indictment charged Defendant with conspiracies to commit robberies in March and August 2002, in violation of 18 U.S.C. § 1951 ("conspiracy counts"), and Count II charged him with use and carrying of a firearm in connection with the March 2002 robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("firearm count").  Defendant was subsequently sentenced to one-hundred and forty (140) months on each of the conspiracy counts, to be served concurrently, with an additional term of eighty-four (84) months for the firearm count.

     The Third Circuit Court of Appeals upheld Defendant's conviction, but vacated his sentence and remanded the case for re-sentencing in light of *U.S. v. Booker*, 543 U.S. 220 (2005).  *U.S. v. Williams*, 134 Fed. Appx. 510 (3d Cir. 2005).  Pursuant to the Court of Appeals' instructions, the Court carefully considered the now-advisory sentencing guidelines and the

sentencing factors set forth in 18 U.S.C. § 3553(a), and re-imposed an aggregate sentence of two-hundred and twenty-four (224) months.  (*See* Order, April 20, 2006.)  Specifically, Defendant was re-sentenced to one-hundred and forty (140) months for his convictions with respect to the conspiracy counts, to be served concurrently, and an additional term of eighty-four (84) months for the firearm count.  (*Id.*)

Defendant filed the instant motion on April 24, 2006.  He argues that the Court committed "clear error" in a number of respects in re-sentencing him to the original sentence.  He also argues that a new trial is warranted based on the alleged ineffectiveness of his counsel. Plaintiff filed its opposition brief on May 15, 2006.

## II.     DISCUSSION

### A.     Defendant's Motion With Respect to Rule 35(a)

Federal Rules of Criminal Procedure Rule 35(a) provides that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Rule 35(a) was formerly embodied in Rule 35(c) before the 2002 Amendments to the Rules.   *See* Fed. R. Crim. P. 35, Notes of Advisory Committee on 2002 Amendments ("Former Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence, is now located in Rule 35(a). . . . The revised rule uses the term 'sentencing.'  No change in practice is intended by using that term").

The seven-day limit set forth in the present Rule 35(a), or former Rule 35(c), is jurisdictional in nature.  *U.S. v. Lopez*, 26 F.3d 512, 518-19 (5th Cir. 1994).  *See also U.S. v. Gilchrist*, 130 F.3d 1131, 1132 (3d Cir. 1997) ("the district court did not rule on the motion within the seven day period following the imposition of [the defendant]'s sentence, and thus no longer had authority to correct an excessive sentence pursuant to Fed. R. Crim. P. 35(c)"); *U.S. v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995) ("[b]ecause the district court modified the defendants' original sentences more than seven days after they were imposed, the court had no jurisdiction to

enter the corrected judgments under Rule 35(c)").  The seven-day period begins to run upon the district court's oral announcement of the sentence.  Fed. R. Crim. P. 35(c) ("[a]s used in this rule, 'sentencing' means the oral announcement of the sentence").

The Court conducted the re-sentencing hearing on April 13, 2006.  During that hearing, the Court reimposed Defendant's original sentence.  (Tr. at 16-17, April 13, 2006.)  Defendant's motion was received by the Court on April 21 and filed on the docket on April 24.  The seven-day period prescribed by Rule 35(a) has expired, and the Court no longer has jurisdiction to correct or reduce the sentence pursuant to that rule.  Because the Court lacks jurisdiction to grant the relief that Defendant seeks, it is unnecessary to address the parties' remaining arguments concerning Rule 35(a).

### B.    Defendant's Motion With Respect to Rule 33

Rule 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Rule 33(b)(2) further provides that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty."  Defendant argues that the Court should grant a new trial pursuant to Rule 33 based on the alleged ineffectiveness of his counsel.  Specifically, Defendant argues that his counsel failed to hold Plaintiff to its burden of proof and to provide an adequate defense.

Defendant cannot seek relief pursuant to Rule 33, for two reasons.  First, the rule states that the motion "must be filed within 7 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  Defendant was found guilty more than three (3) years ago, and the Third Circuit Court of Appeals has since affirmed that finding.  The time period prescribed by Rule 33(b)(2) has long ago expired.

Second, Rule 33 is an inappropriate mechanism for raising Defendant's claim of ineffectiveness of counsel.  The Third Circuit Court of Appeals "[has] stated repeatedly that

Sixth Amendment claims of ineffective assistance of counsel should ordinarily be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255 . . . ."  *U.S. v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002) (citations omitted).  An exception to that practice occurs "where the Sixth Amendment claim of ineffective assistance of counsel is predicated on an actual showing of conflict of interest between the attorney and the accused as apparent from the face of the record." *Id.*  That exception does not apply in this case – Defendant's claim is not based on an alleged conflict of interest.  The Court therefore finds that Defendant's ineffective assistance of counsel argument should be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255, and that the Court's consideration of that claim based on Rule 33 would be inappropriate.


III.    CONCLUSION

For the above reasons, Defendant's motion is denied in its entirety.  An appropriate form of order is filed herewith.


Dated:  June 16, 2006

                                                  s/ Garrett E. Brown, Jr.
                                         GARRETT E. BROWN, JR., U.S.D.J.

4